UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Linda Hawk</u>

    v.                                  Civil No. 05-cv-283-JD

<u>Land Air Express of</u>
<u>New England, Ltd.</u>

O R D E R

    Land Air Express of New England, Ltd., has filed two motions in limine, arguing in the first that Linda Hawk should be precluded from raising punitive damages as an issue in this case and requesting in the second motion that the court give a preliminary instruction on sexual harassment. Because Hawk's sexual harassment claims were resolved against her on summary judgment, Land Air's request for a preliminary instruction on sexual harassment is moot. Hawk objects to Land Air's motion to preclude punitive damages.

    42 U.S.C. § 1981a provides for an award of compensatory and punitive damages in a Title VII case against an employer "who engaged in unlawful intentional discrimination."[1] Proof of intentional discrimination alone, however, is an insufficient

---

[1] Hawk brings retaliation claims under both Title VII and New Hampshire Revised Statute Annotated chapter 354-A. Chapter 354-A, however, does not permit an award of punitive damages. <u>Madeja v. MPB Corp.</u>, 149 N.H. 371, 389 (2003).

basis for an award of punitive damages.  McDonough v. City of Quincy, 452 F.3d 8, 23 (1st Cir. 2006).  Instead, "[p]unitive damages are justified 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  Rodriguez-Marin v. Rivera-Gonzalez, 438 F.3d 72, 85 (1st Cir. 2006) (quoting Kolstad v. ADA, 527 U.S. 526, 536 (1999)).  "[M]alice and reckless indifference concern, not the employer's awareness that it is discriminating, but the employer's knowledge that it is acting in violation of federal law."  McDonough, 452 F.3d at 24.  An employer can avoid punitive damages "by demonstrating that it has made good-faith efforts to comply with Title VII."  Id. at 23; see also Arrieta-Colon v. Wal-Mart P.R., Inc., 434 F.3d 75, 90 (1st Cir. 2006) (holding that "a finding of a good-faith effort to comply with the law" is necessary to avoid punitive damages liability).

    In support of its motion to exclude any mention of punitive damages, Land Air asserts that Hawk did not act in good faith, because she did not provide feedback on her negative evaluation, which precludes punitive damages on her retaliation claim.  Land Air appears to be mistaken as to the applicable standard.  Good faith in the context of punitive damages under Title VII refers to the employer's good faith efforts to comply with Title VII

2

rather than to the good faith of the <u>employee</u>.  "Demonstrating good faith compliance is an affirmative defense, and the burden of proof therefore rests with the employer."  <u>Rodriguez-Torres v. Caribbean Forms Mfr., Inc.</u>, 399 F.3d 52, 64 (1st Cir. 2005).

Therefore, Land Air's motion in limine to preclude mention of punitive damages is denied.

## Conclusion

For the foregoing reasons, the defendant's motion in limine to preclude mention of punitive damages (document no. 23) is denied, and the motion for a preliminary instruction (document no. 25) is terminated as moot.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

October 5, 2006

cc:  Thomas M. Closson, Esquire
     David W. McGrath, Esquire
     John c. Sikorski, Esquire