UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Linda Hawk

   v.                                 Civil No. 05-cv-283-JD

Land Air Express of
New England, LTD

O R D E R

Land Air Express of New England, LTD, moves in limine for a jury instruction on the disposition of Linda Hawk's sexual harassment claim. In this case, Hawk brought claims of sexual harassment and retaliation under state and federal law, 42 U.S.C. § 2000e-5(f) ("Title VII"), and N.H. Rev. Stat. Ann. ch. 354-A. The court previously granted summary judgment in favor of Land Air on the sexual harassment claim and denied summary judgment on the retaliation claim.[1] Therefore, the case is proceeding to trial on the retaliation claim only.

In support of her retaliation claim, Hawk alleges that Land Air terminated her employment because she complained to her

---

[1] The court granted summary judgment in Land Air's favor on Hawk's sexual harassment claim based on determinations, as a matter of law, that the conduct of which she complained was not sufficiently severe or pervasive to support a Title VII hostile work environment claim and that the company took reasonable measures to correct the situation after Hawk's complaint in June of 2005.

supervisor and the Human Resources Department about the conduct of the representative of one of its customers, which conduct Hawk believed was sexual harassment. A retaliation claim does not depend on the success of an underlying discrimination claim. Feliciano-Hill v. Principi, 439 F.3d 18, 26 (1st Cir. 2006). Hawk can succeed on her retaliation claim, despite the lack of success on her sexual harassment claim, as long as she shows that she "reasonably believed" that the conduct of which she complained was sexual harassment. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 855 (1st Cir. 1998).

Land Air asks that the jury be instructed that "the plaintiff's factual allegations were insufficient as a matter of law to support her sexual harassment claim and that Land Air took reasonable care to promptly correct the situation." Motion at 1. Land Air asserts that without an instruction that Hawk was unsuccessful on her sexual harassment claim, the jury is likely to conclude that she established that claim, which would be unfairly prejudicial to Land Air. Because a plaintiff need not succeed on a sexual harassment claim to maintain her retaliation claim, the disposition of the sexual harassment claim in Land Air's favor is not directly relevant to the retaliation claim and the basis of Land Air's claim of unfair prejudice is not readily apparent from its motion.

The issue was discussed at the final pretrial conference, however, where counsel for Land Air argued that an instruction on the disposition of Hawk's sexual harassment claim was relevant to undermine her credibility with respect to her claim that the company ignored her reports of sexual harassment. Land Air's counsel stated that he intended to present evidence at trial of Hawk's allegations that the company ignored her complaints of sexual harassment which, he contends, are contradicted by the court's disposition of the sexual harassment claim. Counsel for Hawk objected to the requested instruction.

Land Air has not persuaded the court that the summary judgment ruling on Hawk's sexual harassment claim is relevant to her retaliation claim or to her credibility. Proper evidence of Hawk's allegations and Land Air's response can be offered at trial, and the jury will assess and weigh the evidence and make credibility determinations. To introduce evidence of the court's ruling, as a matter of law, on Hawk's sexual harassment claim would short circuit the role of the jury in finding facts and determining credibility. Further, such evidence would raise a substantial risk that the jury would misperceive the significant differences between a legally actionable claim and Hawk's reasonable belief that sexual harassment had occurred. The additional time that would be required to give clarifying

instructions and the danger of jury confusion outweigh any probative value of informing the jury as to the court's disposition of the sexual harassment claim. See Fed. R. Civ. P. 403.

Nevertheless, as the court indicated at the final pretrial conference, depending on the evidence at trial, the court may find it necessary to instruct the jury that Hawk is not bringing a sexual harassment claim in this case and that the jury is not to consider such a claim.

Conclusion

For the foregoing reasons, the defendant's motion in limine (document no. 34) is denied without prejudice to move during trial for an appropriate instruction with respect to the sexual harassment claim.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 1, 2006

cc: David W. McGrath, Esquire
    Daniel P. Schwarz, Esquire
    John C. Sikorski, Esquire

4